# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 457 WAL 2016
:
          Respondent : 
:
: Petition for Allowance of Appeal from
: the **Unpublished Memorandum and**
      v. : **Order** of the Superior Court at No.
: 298 WDA 2015 entered on June 22,
: 2016, **affirming** the PCRA Order of
ROBERT POLZER, : the Allegheny County Court of
: Common Pleas at No. CP-02-CR-
          Petitioner : 0013546-2008 entered on December
: 15, 2014


## ORDER


**PER CURIAM**

    **AND NOW**, this 23rd day of February, 2018, the Motion to Amend Appendix C is

**GRANTED**.  The Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue

set forth below.  Allocatur is **DENIED** as to the remaining issues.  The issue, as stated by

Petitioner, is:

> Whether the appellate Superior Court erred in its findings and
> conclusions, and the PCRA court committed legal error in denying
> Petitioner's claim that the Sex Offender Registration and Notification
> Act (SORNA) under 42 Pa.C.S.A. §9799, i.e., §§9799.15(e) and
> (e)(3) violate the due process clause of the Fifth and the Fourteenth
> Amendments to the United States Constitution, and the due process
> rights under the Pennsylvania Constitution, Art. 1, §1, and Art. 1, §9,
> and, therefore, violate the prohibition of the Ex Post Facto Clauses
> to the United States Constitution, Art. 1, §10, Clause 1, and the
> Pennsylvania Constitution, Art. 1, §17, where Petitioner is clearly not
> designated as a Sexually Violent Predator (SVP) to justify and
> warrant such progressively rigid conditions and "quarterly in-person"
> reporting requirements previously subject only to those deemed an
> SVP, whereas, SORNA'S irrebuttable presumption that all sexual
> offenders pose a high risk of reoffending violates procedural and

substantive due process under the Pennsylvania Constitution, and as such, SORNA's Internet notification provision and quarterly verification requirements constitute an ex post facto law under the Pennsylvania Constitution?

The order of the Superior Court is **VACATED**, and the matter is **REMANDED** to the Superior Court for reconsideration in light of *Commonwealth v. Muniz,* 164 A.3d 1189 (Pa. 2017).