J. S29038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEITH EDWARD NEWTON, | : | No. 3297 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 11, 2018,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0007945-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 20, 2019**

Keith Edward Newton appeals from the October 11, 2018 order entered in the Court of Common Pleas of Montgomery County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

The PCRA court set forth the following:

> On March 15, 2012, [appellant] entered into an open guilty plea to three counts of sexual abuse of children (child pornography) (F3).[1]  On June 19, 2012, he was sentenced to an aggregate term of 8-20 years'. He was also designated [a sexually violent predator ("SVP")], pursuant to 42 Pa.C.S.A[.] § 9799.24. [Appellant] did not file a post[-]sentence motion or a

---

[1] 18 Pa.C.S.A. § 6312(c) and (d).

direct appeal. On June 22, 2017,[2] [appellant] filed a pro se PCRA petition claiming ineffective assistance for failure to file a direct appeal and seeking to have his appellate rights reinstated **nunc pro tunc**. Erin Lentz-McMahon, Esq. was appointed to represent [appellant] and filed an amended petition on September 29, 2017. The Commonwealth filed a Response on November 24, 2017. February 1, 2018, scheduled hearing on issue of timeliness. [sic] At that time, no hearing was held, but the parties agreed that [appellant] could amend his petition. He filed a Second Amended Petition on March 2, 2018. The Commonwealth filed its response May 18, 2018. On October 11, 2018, this Court held a hearing on the issue of timeliness. Following the hearing, the Court denied the Petition as untimely. This appeal followed. [Appellant] was directed to file a concise statement pursuant to Pa. R.A.P. 1925 (b). He has since complied with that directive.

PCRA court opinion, 12/14/18 at 1-2.

Appellant raises the following issue for our review:

Whether the PCRA Court erred in finding that appellant's PCRA petition filed on June 22, 2017, was untimely when appellant established that trial counsel failed to file a requested direct appeal following the finding by the trial court that he was [an SVP] pursuant to clear and convincing evidence, and argued that application of the Sexual Offender Registration Notification Act[, 42 Pa.C.S.A. § 9799.10 **et seq.**] (hereinafter "SORNA"), violated his constitutional rights protected by the United States and Pennsylvania Constitutions against **ex post facto** laws when appellant established the exceptions to the one-year time bar pursuant to Section 9545(b)(1)(iii)

---

[2] We note that even though appellant's **pro se** PCRA petition was docketed on June 26, 2017, the record reflects that appellant deposited the petition in the prison mailbox on June 22, 2017. (Appellant's motion for post-conviction collateral relief, 6/22/17 at attachment (copy of time-stamped envelope).) In accordance with the prisoner mailbox rule, appellant's petition is deemed filed on June 22, 2017. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997).

and (ii) in that our Supreme Court has implicitly held that *Muniz* should be retroactively applied to cases on collateral review, and appellant was abandoned by his attorney in pursuing his direct appeal?

Appellant's brief at 4.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on June 19, 2012. Appellant failed to file a direct appeal to this court. Consequently, appellant's judgment of sentence became final July 19, 2012, thirty days after imposition of sentence and the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed June 22, 2017, is

facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant filed a counseled amended PCRA petition on September 29, 2017.[3] Appellant filed a second amended PCRA petition on March 3, 2018. In that petition, appellant challenged the retroactive

---

[3] We note that in his September 29, 2017 amended petition, appellant claimed that (1) trial counsel was ineffective for failing to advise appellant that appellant had the opportunity to be interviewed by the Commonwealth's psychologist for purposes of an SVP determination; (2) the trial court erred in determining that appellant was an SVP as a result of insufficient evidence to support the likelihood of recidivism; and (3) trial counsel was effective for failing to litigate a Pa.R.Crim.P. 600 claim. (Appellant's "amended petition for [PCRA relief]," 9/29/17 at 8-9.)

application of SORNA based upon the Supreme Court of Pennsylvania's decision in **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017), wherein our supreme court held that application of the registration requirements under SORNA to sexual offenders who committed their crimes before SORNA's effective date violates the **ex post facto** clause of the Pennsylvania Constitution. Appellant's claim implicates the newly recognized constitutional right exception to the PCRA's time-bar under Section 9545(b)(1)(iii). With that exception, appellant must satisfy the requirement that he filed his claim within 60 days of the date the claim could have been presented. The 60-day rule applicable to appellant's claim was codified at 42 Pa.C.S.A. § 9545(b)(2) and required that: "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." An amendment to that section substituted "within one year" for "within 60 days." The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter. **See** Act 2018-146, § 3. Appellant filed his PCRA petition on June 19, 2017, which was prior to December 24, 2017. Therefore, the 60-day rule applies, and appellant would have been required to raise his **Muniz** claim in an amended petition within 60 days of its decision. Our supreme court filed its decision in **Muniz** on July 19, 2017. Appellant filed his **Muniz** claim in his second amended petition on March 3, 2018, which was in excess of 60 days

of the decision. Therefore, appellant cannot satisfy the newly recognized constitutional right exception to overcome the PCRA's time-bar.

Even if appellant could satisfy the time-bar, he would not be entitled to relief. In **Muniz**, our supreme court held that application of the registration requirements under SORNA to sexual offenders who committed their crimes before SORNA's effective date violates the **ex post facto** clause of the Pennsylvania Constitution. **Muniz**, 164 A.3d at 1218. Therefore, retroactive application of SORNA would appear to violate the **ex post facto** clauses of the United States Constitution and the Pennsylvania Constitution, as set forth in **Muniz**. **See Muniz**, 164 A.3d at 1218-1219. Appellant, however, presents his claim in the context of an untimely filed PCRA petition.

In a case involving a timely filed PCRA petition, this court has held that "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017). Because appellant's PCRA petition is facially untimely, however, he would be required to satisfy the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To do so, appellant would be required to demonstrate that the Supreme Court of Pennsylvania has held that **Muniz** applies retroactively. **See Commonwealth v. Murphy**, 180 A.3d 402, 406-407 (Pa.Super. 2018) (finding that when the PCRA petition is untimely filed, in order to satisfy the timeliness exception set forth at 42 Pa.C.S.A.

§ 9545(b)(1)(iii), a petitioner must demonstrate that the Supreme Court of Pennsylvania has expressly held that *Muniz* applies retroactively).

In his brief to this court, appellant claims that our supreme court "implicitly" found that *Muniz* applies retroactively to untimely PCRA petitions in *Commonwealth v. Polzer*, 182 A.3d 431 (Pa. 2018). (Appellant's brief at 15-16.) Notwithstanding the fact that appellant's failure to raise this assertion in his second amended PCRA petition results in waiver under Pa.R.A.P. 302(a), appellant is mistaken. The citation that appellant provides for *Polzer* leads to a February 23, 2018 order entered by our supreme court that vacated an order of this court and remanded to this court for consideration of the following issue in light of *Muniz*, *supra*:

> Whether the appellate Superior Court erred in its findings and conclusions, and the PCRA court committed legal error in denying Petitioner's claim that [SORNA] under 42 Pa.C.S.A. § 9799, i.e., §§ 9799.15(e) and (e)(3) violate the due process clause of the Fifth and the Fourteenth Amendments to the United States Constitution, and the due process rights under the Pennsylvania Constitution, Art. 1, § 1, and Art. 1, § 9, and, therefore, violate the prohibition of the Ex Post Facto Clauses to the United States Constitution, Art. 1, § 10, Clause 1, and the Pennsylvania Constitution, Art. 1, § 17, where Petitioner is clearly not designated as [an SVP] to justify and warrant such progressively rigid conditions and "quarterly in-person" reporting requirements previously subject only to those deemed an SVP, whereas, SORNA'S irrebuttable presumption that all sexual offenders pose a high risk of reoffending violates procedural and substantive due process under the Pennsylvania Constitution, and as such, SORNA's Internet notification provision and quarterly

> verification requirements constitute an ex post facto law under the Pennsylvania Constitution?

***Polzer***, 182 A.3d 431.

Clearly, the order remanding ***Polzer*** to this court for consideration of the above issue in light of ***Muniz*** in no way constitutes a rule of law promulgated by the Supreme Court of Pennsylvania that ***Muniz*** applies retroactively to an untimely PCRA petition.

Finally, we note that in his brief to this court, appellant argues that the new fact exception under Section 9545(b)(1)(ii) applies because appellant "did not become aware that trial counsel failed to proceed with filing his direct appeal as requested, until several years later when he retrieved a copy of his dockets" which constitutes "a factual basis for the timeliness exception set forth in Section 9545(b)((1)(ii)"; specifically, "attorney abandonment" under ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). (Appellant's brief at 17.) In his Rule 1925(b) statement, however, appellant's only claim other than his ***Muniz*** claim is that appellant:

> pled in his Amended Petition, and proved at the evidentiary hearing held on October 11, 2018 that the failure to raise the claim previously was the result of ***interference by government*** when he did not learn that trial counsel failed to pursue a requested direct appeal until several years later for which he alleged ineffective assistance of counsel and reinstatement of his right to file an appeal ***nunc pro tunc***[.]

Appellant's Rule 1925(b) statement, 12/3/18 at 2 (emphasis added). Therefore, appellant waives the new fact exception claim under

Section 9545(b)(1)(ii).  ***See*** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in a petitioner's Rule 1925(b) statement are waived); ***see also Commonwealth v. Hannibal***, 156 A.3d 197, 211 (Pa. 2016); ***cert. denied***, 138 S.Ct. 59 (2017) (reiterating that issues not raised in a petitioner's Rule 1925(b) statement will be deemed waived).

Appellant has failed to invoke a valid exception to the time-bar. Consequently, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/19